UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRIEE DETZLER,

       Plaintiff,

v.

ACCESSLEX INSTITUTE,

       Defendant.

Case No:
Hon.

---

THE CORTESE LAW FIRM, PLC
Nanette L. Cortese (P43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 593-6933/fax (248) 593-7933
NCortese@TheCorteseLawFirm.com

---

## <u>PLAINTIFF SHERRIEE DETZLER'S COMPLAINT AND JURY DEMAND</u>

There are not currently any pending actions in this or any other Court arising out of the same transactions or occurrences giving rise to this Complaint.

---

NANETTE L. CORTESE (P-43049)

NOW COMES the Plaintiff, Sherriee Detzler, by and through her attorneys

The Cortese Law Firm, PLC, and for this her Complaint states as follows:

1

## I.  JURISDICTIONAL AVERMENTS

1.  Plaintiff Sherriee Detzler is an individual who resides in the state of Michigan, in the County of Macomb, in Shelby Township, Michigan.

2.  Defendant AccessLex Institute (the "Company") upon information and belief has a principal place of business in West Chester, Pennsylvania, 18930 and is a Delaware corporation.

3.  This Complaint is being filed within 90 days after the Equal Opportunity Commission issued the Right to Sue Letter.

4.  The events giving rise to this cause of action occurred in the Eastern District of Michigan and venue and jurisdiction are appropriate in this Court.

5.  This case is based, in whole or in part, on the Age Discrimination in Employment Act and jurisdiction is conferred upon this Court under 28 USC 1331, and this Honorable Court has subject matter jurisdiction since this case presents a federal question.

## II.  FACTUAL AVERMENTS

6.  Plaintiff was hired in March 2021 by the Company as a Regional Director – Bar Review Program Engagement and was promoted to National Director on or about June 11, 2022.

7.  While employed by Defendant, Plaintiff was subject to a hostile work environment based on age and/or discrimination and/or disparate treatment based on age in the following, but not necessarily limited to manners:

a. Being held to higher standards than similarly-situated younger employees.

b. Being assigned a territory more than triple in size that of the other similarly-situated National Director who is 20 years younger than Plaintiff.

c. Creating policies and applying them retroactively only to Plaintiff.

d. Denying Plaintiff support provided to younger employees.

e. Making untrue accusations against Plaintiff regarding her performance when similarly situated younger employees were not subject to the same.

f. Denying raises and lowering bonuses based on pretextual reasons when similarly situated younger employees were not subject to the same.

g. Being undermined to her team by being repeatedly referred to by her age in a negative and condescending way.

h. Releasing information that Plaintiff was "Medicare" eligible.

i. Telling coworkers that because of Plaintiff's age that she can't "remember her lines."

j. Reporting to leaders in the law school community that Plaintiff had "retired" and "it was time".

k. Subjecting Plaintiff to micromanagement and the constant threat of termination when similarly situated younger employees were not subject to the same.

8. Plaintiff was subject to being told by higher management at Defendant that she was not to contact Human Resources or go to higher management with any complaints, including claims of discrimination.

9. Plaintiff was subject to the following, but not necessarily limited to, comments which had the effect of creating a hostile work environment based on age:

   a. Being told by Lyssa Thaden, approximate age 38 years old, Vice President of Operations, that she was like an old dog with a bone.

   b. When Plaintiff reported to the Managing Director Fidel Calero on or about November 7, 2023 about the comment, Calero joked and said "that was a good thing" and when Faden was made aware of Plaintiff's complaint, she responded by stating to the effect of, "you know it's just an old saying! An old compliment!".

   c. Plaintiff was subject to a comment made during a Teams National Director call and during a Helix Engagement Team call by Fidel Calero, Managing Director, to the effect of, "We've got to get someone hired in your region before you have a heart attack at your age!". Plaintiff made Calero aware that she objected to those comments and his response was simply to laugh.

   d. In one-on-one calls on or about May 17, 2024 and on or about June 14, 2024 Plaintiff again informed Calero of her objections to the comments

about a "heart attack" and "at your age" to which he replied, "You know I like to joke."

e.  Being subject to a comment on or about April 30, 2024 at an in-person AccessLex Team Meeting made by Meghan Short, a Managing Director, that "anyone over 60 doesn't even know what a 'hyperlink' is!".

f.  Plaintiff immediately raised an issue regarding the comment and Short responded to the effect of, "Florence (the only other Helix person offended) already said something. I corrected myself!"

g.  Plaintiff complained to her immediate Manager Calero and his response was "just laugh it off."

h.  Upon learning of Plaintiff's objection to the hyperlink comment, Vice President Thaden made light of the comment in front of the entire Helix team by commenting to Ms. Detzler on or about May 1, 2024 "Isn't Meghan 'funny'".

i.  Assigning a new hire to report to Bethany Pierpont and being told by Calero that, "New hire is reporting to Bethany Pierpont-she's younger and can better train the new hires!".

j.  Plaintiff immediately objected to this reference by Calero to which he said it was not his decision.

k.  Plaintiff was presenting at the Helix Promotional Table at the National LexCon 2024 Conference when she was subject to a comment by Cynthia

Cassity, Senior Vice President that, "Your script is only two lines, all the younger ones have four!"

l. When Plaintiff reported this to her Manager Calero on or about November 13, 2024 his response was to the effect of, "You know how she is! Just do as you're told!" Later Calero said to Plaintiff, "Let's just get through this! I don't know why she is like this with you!"

10. When a colleague had been terminated, the Senior Vice President Cynthia Cassity made a comment in or about November 2024 informing the Team we "keep it in house – go to your Manager and only your Manager – Fidel can take it higher and only Fidel!"

11. On or about January 9, 2025 Plaintiff's Manager Fidel Calero called her at 3:15 p.m. to inform her that due to her contacting Human Resources that had resulted in Senior Vice President Cynthia Cassity's dissatisfaction with Plaintiff and therefore led to the halt of Plaintiff being assigned any new direct reports or balancing workloads.

12. Due to the ongoing disparate treatment based on age and/or the hostile work environment and/or the discouraging of Plaintiff, Plaintiff felt that she had no choice but to resign her employment.

13. Plaintiff's resignation of her employment was a constructive discharge in that no reasonable employee would have remained employed and subject to the treatment as more fully outlined above.

14. Plaintiff was subject to pretextual "counseling" on her performance issues after she raised issues with Management regarding the age-based comments and treatment.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

15. Plaintiff reincorporates and realleges the above paragraphs as though fully stated herein.

16. The Age Discrimination in Employment Act at 29 USC 621, et seq. prohibits discrimination in employment based on age.

17. As more fully set forth above, Plaintiff Sherriee Detzler was subject to discrimination and disparate treatment based upon her age.

18. As more fully set forth above, Plaintiff Sherriee Detzler was subject to a hostile work environment based on comments and/or actions related to her age which were severe and/or pervasive and/or had an adverse impact on her workplace environment and which created a hostile work environment for her based on her age.

19. Plaintiff Sherriee Detzler was subject to retaliation, including, but not necessarily limited to, being subject to pretextual work performance issues, being denied any new direct reports, being denied balancing of her workload, being denied a raise, being denied a bonus and/or ultimately being subject to constructive termination.

7

20. Plaintiff Sherriee Detzler was subject to constructive discharge based, in whole or in part, upon her age where the conditions in the workplace were made such by Defendant that any reasonable person would have felt compelled to resign their employment.

21. As a result of the actions by Defendant as more fully set forth above, Plaintiff Sherriee Detzler has been subject to damages including, but not necessarily limited to, loss of back pay, loss of front pay, loss of benefits, loss of opportunity for advancement, damage to reputation, as well as emotional distress, exemplary damages and/or punitive damages.

WHEREFORE, Plaintiff Sherriee Detzler respectfully requests this Honorable Court award her all damages allowed under the Age Discrimination in Employment Act as well as her costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT

22. Plaintiff reincorporates and realleges the above paragraphs as though fully stated herein.

23. The Elliot-Larsen Civil Rights Act at 37.2202, et seq. prohibits discrimination in employment based on age.

24. As more fully set forth above, Plaintiff Sherriee Detzler was subject to discrimination and disparate treatment based upon her age.

25. As more fully set forth above, Plaintiff Sherriee Detzler was subject to a hostile work environment based on comments and/or actions related to her age which were severe and/or pervasive and/or had an adverse impact on her workplace environment and which created a hostile work environment for her based on her age.

26. Plaintiff Sherriee Detzler was subject to retaliation, including, but not necessarily limited to, being subject to pretextual work performance issues, being denied any new direct reports, being denied balancing of her workload, being denied a raise, being denied a bonus and/or ultimately being subject to constructive termination.

27. Plaintiff Sherriee Detzler was subject to constructive discharge based, in whole or in part, upon her age where the conditions in the workplace were made such by Defendant that any reasonable person would have felt compelled to resign their employment.

28. As a result of the actions by Defendant as more fully set forth above, Plaintiff Sherriee Detzler has been subject to damages including, but not necessarily limited to, loss of back pay, loss of front pay, loss of benefits, loss of opportunity for advancement, damage to reputation, as well as emotional distress, exemplary damages and/or punitive damages.

9

WHEREFORE, Plaintiff Sherriee Detzler respectfully requests this Honorable Court award her all damages allowed under the Elliott-Larsen Civil Rights Act as well as her costs, interest, and attorney's fees.

Respectfully submitted,
THE CORTESE LAW FIRM, PLC

/s/Nanette L. Cortese
Nanette L. Cortese (P-43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 593-6933/fax (248) 593-7933
NCortese@TheCorteseLawFirm.com

Dated: June 25, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRIEE DETZLER,

       Plaintiff,

v.                               Case No:
                                   Hon.

ACCESSLEX INSTITUTE,

       Defendant.

| |
|---|
| THE CORTESE LAW FIRM, PLC<br>Nanette L. Cortese (P43049)<br>Attorney for Plaintiff<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, Michigan 48025<br>(248) 593-6933/fax (248) 593-7933<br>NCortese@TheCorteseLawFirm.com |

## **JURY DEMAND**

NOW COMES Plaintiff, Sherriee Detzler, by and through her attorneys, The Cortese Law Firm, PLC, and hereby respectfully demands a trial by jury on all issues allowed by law.

Respectfully submitted,
THE CORTESE LAW FIRM, PLC

/s/Nanette L. Cortese
Nanette L. Cortese (P-43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

Dated: June 25, 2026